FILED
2009 NOV 12 A 9 18

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIA HARRIS, <br> DERRICK HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> SANTANDER CONSUMER USA, Inc. <br> DRIVE FINANCIAL SERVICES, LP <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Case No   CV-09-HS-2297-S

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel, in the above-styled cause, and for Plaintiffs' Complaint against the Defendants state as follows:

### Jurisdiction and Venue

1. Jurisdiction arises under 28 U.S.C. § 1331 and pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.* [hereinafter referred to as "FDCPA"]), specifically, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of the Defendants' violations of various provisions of the FDCPA, invasion of privacy, and the Defendants' unlawful efforts to collect a debt.

3. Venue is proper in this Court under 28 U.S.C. § 1391 the events made the basis of this Complaint took place in this Judicial District, the Plaintiffs reside in this Judicial District and the Defendants regularly transact business in this Judicial District.

1

## Parties

4. The Plaintiff, Adria Harris, is a natural person who resides within this Judicial District.

5. The Plaintiff, Derrick Harris, is a natural person who resides within this Judicial District.

6. Defendant Santander Consumer USA, Inc. (hereinafter referred to as "Santander") is a foreign debt collection and automobile loan company that engages in the business of debt collection. It regularly conducts business in this Judicial District. Its principal place of business is in the State of Texas and is incorporated in the State of Illinois. It is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Drive Financial Services, LP (hereinafter referred to as "Drive") is a foreign debt collection and automobile loan company that engages in the business of debt collection. It regularly conducts business in this Judicial District. Its principal place of business is in the State of Texas and is incorporated in the State of Delaware. It is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

8. The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## Factual Allegations

9. Plaintiff, Adria Harris, incurred a financial obligation for the purchase of a vehicle that was used primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Plaintiff, Adria Harris was past due on the obligations under the consumer loan at the

time the facts made the basis of this suit occurred.

11. Defendants allegedly purchased, or were assigned, or were otherwise collecting on the debt when the Defendants began harassing and other unlawful collection activities against the Plaintiffs.

12. On or about November 11, 2008, Defendants, through their employee collector, called Plaintiff, Derrick Harris, who is the brother of the Plaintiff, Adria Harris. During said call, Defendants spoke to Plaintiff Derrick Harris about the debt of Adria Harris. Specifically, Defendants told him that Adria Harris was out on the run, that the Defendants would be sending a police officer to arrest Adria Harris, and that she would be arrested for theft of property or theft by conversion. During this call, Mr. Harris was given a case number for Ms. Harris to reference should she return the call: A92969US.

13. Plaintiff Derrick Harris called Adria Harris regarding the call.

14. When Plaintiff Adria Harris returned the call, Defendants told her that a felony warrant would be issued and that she would be arrested within 48 to 72 hours. Defendants also told her that she hung "around a bunch of broke people."

15. Plaintiff Adria Harris does not live with Plaintiff Derrick Harris.

16. Defendants disclosed details of the alleged debt to Plaintiff's brother (who is not the consumer).

17. This was not an attempt to obtain "location information."

18. The actions complained of were very distressing and upsetting to the Plaintiffs.

19. Additionally, Plaintiff Adria Harris suffered from nightmares and severe fear that she

3

would be arrested or that the Defendants would commit certain acts against her as stated herein.

20. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiffs and caused them unnecessary distress.

21. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, shame, anxiety, emotional distress, fear, frustration, nightmares, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### Respondeat Superior Liability

22. The acts and omissions of Defendants' agents who communicated with the Plaintiffs as more further described herein were committed within the line and scope of their agency relationship with their principals, the Defendants.

23. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

24. By committing these acts and omissions against Plaintiffs, these other debt collectors were motivated to benefit their principals, the Defendants.

25. Defendants are therefore liable to the Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees,

including but not limited to, violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from the Plaintiffs.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs adopt the averments and allegations of the above paragraphs as if fully set forth herein.

27. The Defendants engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as FDCPA) with respect to the Plaintiff, Adria Harris' alleged consumer debt.

28. The Defendants contacted members of Plaintiff's immediate family in violation of § 1692b and §1692c(b).

29. The Defendants violated § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by using or threatening the use of violence or other criminal means to harm the physical person, reputation or property of the Plaintiff in violation of § 1692d(1).

30. The Defendants violated § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by using language the natural consequence of which is to abuse the hearer in violation of § 1692d(2).

31. The Defendants violated § 1692d by failing to meaningfully disclose the caller's identity, place of employment, and who the caller was collecting for in violation of § 1692d(6).

32. The Defendants made false, deceptive and misleading representations concerning the character, amount and legal status of the debt in violation of § 1692e(2).

33. The Defendants violated § 1692(e) by making false, deceptive and misleading representations that nonpayment of the debt will result in the arrest or imprisonment of the Plaintiff when, in fact, the Defendants never intended to take such action nor could it legally take said actions. Said actions of the Defendants violate § 1692e(4).

34. The Defendants threatened to take action that could not legally be taken or which they did not intend to take in violation of § 1692e(5).

35. The Defendants represented and implied that the Plaintiff, Adria Harris, had committed a crime of **"theft of property"** or **"theft by conversion"** (emphasis added) or committed similar criminal conduct in order to disgrace the Plaintiff in violation of § 1692(e)(7).

36. The Defendants used false representations and deceptive means to collect or attempt to collect the alleged debt or to obtain information concerning Plaintiff Adria Harris in violation of § 1692e(10).

37. The Defendants failed to send an initial written communication to the Plaintiff in violation of § 1692e(11). Defendants also failed to orally give any notification to the Plaintiffs in violation of § 1692e(11).

38. The Defendants falsely represented and implied that they had issued or would issue or would have a third party to issue warrants for Plaintiff Adria Harris' arrest in violation of § 1692e(13).

39. The Defendants failed to provide any notice or validation of debt or other initial communication to the Plaintiff Adria Harris in violation of § 1692g.

40. At the time the Defendants made these representations to the Plaintiff, the

Defendants knew, or should have known, that said representations were false. Said representations made by Defendants were made recklessly, willfully, and/or intentionally.

41. The Defendants left messages on her voice mail on her cell phone which were in violation of the FDCPA.

42. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k)(a)(2)(A); actual and compensatory damages; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

43. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, anxiety, humiliation, embarrassment, fear, loss of sleep, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## RECKLESS AND WANTON TRAINING AND SUPERVISION

44. The Plaintiffs adopt the averments and allegations of the above paragraphs as if fully set forth herein.

45. Defendants negligently and/or wantonly hired, retained or supervised incompetent debt collectors and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by the Plaintiffs.

46. Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs by its agents and/or employees.

47. Defendants knew or should have known that said conduct was improper and in violation of the FDCPA and Alabama state law.

48. Defendants recklessly and wantonly failed to train and supervise their employees and/or agents in order to prevent said improper conduct.

49. Defendants recklessly and wantonly failed to train and supervise their employees and/or agents on the FDCPA and Alabama law as they relate to communications with consumers.

50. As a result of the Defendants' recklessness and wantonness, the Plaintiffs suffered anger, shame, anxiety, emotional distress, fear, frustration, nightmares, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND OUTRAGE

51. The Plaintiffs adopt the averments and allegations of the above paragraphs as if fully set forth herein.

52. Defendants' actions and conduct toward the Plaintiffs were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

53. The emotional distress that Defendants caused Plaintiffs to suffer was so severe that no reasonable person could be expected to endure it.

54. As a result of the Defendants' wanton actions and conduct, the Plaintiffs suffered anger, shame, anxiety, emotional distress, fear, frustration, nightmares, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT FOUR
## INVASION OF PRIVACY

55. The Plaintiffs adopt the averments and allegations of the above paragraphs as if fully set forth herein.

56. Congress recognized a consumer's right to privacy in collection matters when it stated in pertinent part with regard to the FDCPA:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

57. Defendants and/or its agents or assigns intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by unlawfully attempting to collect a debt.

58. Defendants and/or its agents or assigns intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by making illegal contact about the debt to third parties, and thereby invaded the Plaintiff's right to privacy.

59. Defendants and/or its agents or assigns intentionally, recklessly, and/or negligently caused emotional harm to the Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

60. Plaintiffs each had a reasonable expectation of privacy in their own solitude, private

concerns or affairs, and private financial information.

61. The conduct of these Defendants and/or its agents or assigns in illegal and unlawful collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

62. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to damages.

63. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FDCPA;

B. Statutory damages of $1,000.00 from the Defendants for the violations of the FDCPA;

C. Actual damages for Defendants' violations of the FDCPA in an amount to be determined by a struck jury;

D. Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C. § 1692k;

E. Actual, compensatory and punitive damages against the Defendants on Plaintiff's state law claims for damages due to the Defendants' outrageous infliction of emotional distress, invasion of privacy, and their reckless and wanton training and

supervision in an amount to be determined by a struck jury;

F.    For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

RUSSO, WHITE & KELLER, P.C.
Attorneys for the Plaintiffs

*Robert C. Keller*
Robert C. Keller (ASB-7090-L57R)
Attorney for the Plaintiffs
RUSSO, WHITE & KELLER, P.C.
315 Gadsden Highway, Suite D
Birmingham, AL 35235
(205) 833-2589

**_PLAINTIFF DEMANDS TRIAL BY JURY IN THIS CAUSE_**

*Robert C. Keller*
Attorney for the Plaintiffs (ASB-7090-L57R)

**SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Santander Consumer USA
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Drive Financial Services
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

11